(139 App. Div. 669.)

### LEE v. BROWN et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

PLEADING (§ 368*)—COMPLAINT—SINGLE CAUSE OF ACTION.

A complaint alleging that plaintiff was induced by fraudulent representations to deposit $100,000 and $75,000 of securities with defendants, to purchase 455 shares of certain stock, and to incur expenses of $12,500, and charging conspiracy only to connect all the defendants with the transaction and to charge each with the acts and declarations of the others, charges but a single cause of action for fraud, so that a motion to separately state and number the causes of action is inapplicable.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 368.*]

Appeal from Special Term, New York County.

Action by George A. Lee against Henry Carroll Brown and others. From so much of an order as requires him to separately state and number different causes of action, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George L. Lewis, for appellant.
Henry DeForest Baldwin, for respondents.

MILLER, J.   In substance it is alleged that the plaintiff was induced by certain false and fraudulent representations to deposit $100,-000 and securities to the value of $75,000 with the firm of H. C. Brown & Co., consisting of the defendants Henry Carroll Brown, Percy H. Goodwin, Julian Gerard, and George Brown, Jr., to purchase 455 shares of the capital stock of the Carnegie Trust Company and to incur expenses in the sum of $12,500. It is also alleged that by subsequent misrepresentations he was induced to deposit additional securities with said firm of H. C. Brown & Co., to sell said stock, and to invest the proceeds in certain notes, and that by reason thereof he was damaged in the sum of $250,000. It is alleged that said false and fraudulent representations were made pursuant to a plan, conceived by the defendant Brown, acting on behalf of said firm of H. C. Brown & Co., and the defendant Hamilton. The defendants moved

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the plaintiff be required to separately state and number the facts constituting the different causes of action, to wit, the facts constituting his cause of action with respect to the $100,000 deposited with H. C. Brown & Co., the facts constituting his alleged cause of action by reason of the purchase of 455 shares of stock of the Carnegie Trust Company, and the deposit of securities with said firm of H. C. Brown & Co., and the facts constituting his alleged cause of action for the recovery of $12,500 expended by him; and the order appealed from so directs.

We are not now concerned with the sufficiency of the complaint. The gist of the action attempted to be pleaded is fraud. The charge of conspiracy is only important to connect all of the defendants with the transaction and to charge each with the acts and declarations of the others. Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Green v. Davies, 182 N. Y. 499, 75 N. E. 536. The cause of action for the fraud in inducing the plaintiff to purchase said stock, to deposit money and securities with said firm, and to incur expenses is but a single cause of action. It does not follow that the plaintiff can recover in this action the value of the securities and the sum of money deposited with said firm, or the amount invested by him in said stock. He says that he was damaged by the fraud in the sum of $250,000. We cannot anticipate on this motion what his proof on that subject may be, and it is therefore impossible to determine what items of damage may be taken into account. It may be that a separate cause of action was attempted to be set up with respect to the fraud, inducing the deposit of the additional securities, and the sale of the stock, and the investment of the proceeds in notes. But the notice of motion did not ask that the facts constituting that cause of action be separately stated, and the order appealed from did not require it.

The order, so far as appealed from, should be reversed, with $10 costs and disbursements, and the motion to separately state and number the different causes of action denied, with $10 costs. All concur.